UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charles Lamb, #186788, *a/k/a Charles Willis Lamb*, | ) | C/A No. 8:09-105-CMC-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Kirkland Correctional Institution Medical Agency, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Introduction

Charles Lamb (plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff is incarcerated at Lieber Correctional Institution, and he files this action *in forma pauperis* under 28 U.S.C. § 1915.  This complaint names "Kirkland Correctional Institution Medical Agency" (defendant) as the defendant.  In his brief complaint, plaintiff alleges that defendant, also referred to as the "people" in that medical agency, refused to order a cast for the plaintiff's broken right hand after they had knowledge that it was broken in six different places.  (Compl. at 3.)  Plaintiff seeks damages in the amount of "Three (300) hundred Trillion Thousand Dollars."  (Compl. at 2.)

*Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents:

---

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.  Further reference to this complaint brought under Title 42 of the United States Code will be by section number only.

*Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  Title 28 U.S.C. § 1915(e)(2)(B).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).  Further, plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Thus, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys.  *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per*

2

*curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Discussion

I. <u>Failure to State a Cognizable Claim.</u>

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was

3

committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Because it is well settled that only "persons" may act under color of state law, a defendant in a § 1983 action must qualify as a "person."  Use of the term "staff" or "medical agency" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions.  *See Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262 at *1 (D. Conn., Feb. 09, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318 (JSM), 1991 WL 115759 at *1 (S.D.N.Y. Jun. 20, 1991).  Additionally, plaintiff fails to provide any identifying information such as the date and time of the alleged constitutional violation by individuals in the Kirkland Correctional Institution Medical Agency so that any individuals who constitute the defendant could be construed as unnamed, but identifiable, "John Doe" defendants.  Because Kirkland Correctional Institution Medical Agency is not a person under § 1983, this complaint should be dismissed for failure to state a claim upon which relief may be granted.

Even if plaintiff had properly named a defendant, plaintiff fails to state a claim of deliberate indifference to his medical needs because it is unsupported by the alleged facts.  In order to establish deliberate indifference with respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. at 106.  Here, the plaintiff alleges that the medical agency people refused to order a cast for his broken right hand after they had knowledge that his hand was broken in six different places.  (Compl. at 3.)  Deliberate indifference to a prisoner's serious medical needs is actionable under § 1983 if the plaintiff can prove that his inadequate medical care was more than merely

4

negligent.  *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir.1990).  With regard to his medical treatment, the plaintiff fails to allege any facts other than he did not receive a cast.  At most, this sounds in negligence, and negligent or incorrect medical treatment is not actionable under § 1983.  *Estelle v. Gamble*, 429 U.S. at 106.  Negligence, in general, is not actionable under § 1983.  *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]").

II. <u>"Strike" Pursuant to Title 28 U.S.C. § 1915(g).</u>

It is appropriate for this court to take judicial notice that the plaintiff has filed four previous lawsuits beginning in August of 2008 related to the alleged lack of medical care for his broken right hand: *Charles Willis Lamb v. John Does, Medical Center Staff at Lieber Correctional Institution*, C/A No. 8:08-2805-CMC-BHH (first lawsuit)[2]; *Charles Lamb v. Kirkland Correctional Institution Medical Staff*, C/A No. 8:08-3558-CMC-BHH (second lawsuit); *Charles Lamb v. Department of Corrections*, C/A No. 8:08-3685-CMC-BHH (third lawsuit); and *Charles Lamb v. Department of Corrections, Prison Authority*, C/A No. 8:08-

---

[2] The first lawsuit appears to have been served against the defendants John Does from the Lieber Correctional Institution Medical Center and the Department of Corrections, and they filed a motion for summary judgment which is pending.  *See Charles Willis Lamb v. John Does, Medical Center Staff at Lieber Correctional Institution*, C/A No. 8:08-2805-CMC-BHH (Docket Entry 15).  Thus, in that action the plaintiff is currently litigating the alleged lack of medical care by the John Does at Lieber.

3732-CMC-BHH (fourth lawsuit).  As the United States Court of Appeals for the Fifth Circuit

commented when faced with similar circumstances:

> The District Court clearly had the right to take notice of its own files and
> records and it had no duty to grind the same corn a second time.  Once was
> sufficient.

*Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).  *See also*

*Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most

frequent use of judicial notice is in noticing the content of court records.'").  Importantly, in

the second lawsuit the plaintiff named the identical defendant as in this civil action, and he

alleged similar claims based on similar facts.  *See Charles Lamb v. Kirkland Correctional

Institution Medical Staff*, C/A No. 8:08-3558-CMC-BHH (Docket Entry 1).[3]  The undersigned

recommended that the action be summarily dismissed because the plaintiff had failed to

provide any identifying information so that individuals who constitute the defendant could

be construed as unnamed, but identifiable, "John Doe" defendants and because the facts

merely sounded in negligence.  *Id.* at (Docket Entry 9).  The plaintiff did not file any

objections, and the District Court incorporated and adopted the report and recommendation

into its order dismissing that case without prejudice.  *Id.* at (Docket Entry 10).

Once again in this action against the same defendant, the plaintiff failed to provide

any identifying information, such as a date or description of the individuals, so that

individuals who constitute "Kirkland Correctional Institution Medical Agency" could be

construed as unnamed, but identifiable, "John Doe" defendants.  Even though the plaintiff

---

[3] Although the docket sheet for the second lawsuit indicates that the defendant was
"Kirkland Correctional Institution Medical Staff," the face of the complaint names "Kirkland
Correctional Institution Medical Agency" as the defendant.

could have filed this action again because the second lawsuit was dismissed *without prejudice*, this civil action is frivolous because the plaintiff essentially repeated the second lawsuit without correctly identifying the defendants even though the plaintiff was previously instructed that he needed to describe the defendants with more specificity.  Further, the plaintiff again briefly described facts sounding merely in negligence.   Therefore, it is recommended that a "strike" be given pursuant to Title 28 U.S.C. § 1915(g).

<u>Recommendation</u>

Accordingly, it is recommended that the District Judge dismiss the complaint in the above-captioned case without prejudice and without issuance and service of process.  *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).  *See also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  Pursuant to 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), **it is further recommended** that this action be deemed a "strike."  **The plaintiff's attention is directed to the important notice on the next page.**

s/Bruce Howe Hendricks
United States Magistrate Judge

January 28, 2009
Greenville, South Carolina

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).